IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EMIL LEDOUX,

                    Petitioner,                                            ORDER

          v.                                                     08-cv-343-slc

STATE OF WISCONSIN,

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order, I am assuming jurisdiction over the case.

Petitioner Emil Ledoux is an inmate at the Oakhill Correctional Institution in

1

Oregon, Wisconsin. He has filed a pleading on forms designed for use by prisoners seeking release from custody or a shortened state court sentence under 28 U.S.C. § 2254 and requests leave to proceed in forma pauperis with the action under 28 U.S.C. § 1915.

Unfortunately, petitioner's pleading cannot be processed until he advises the court how he wishes it treated. In his pleading, petitioner contends that he was wrongfully charged with felony damage to property and sentenced to a year in prison followed by a year of extended supervision. He says the sentencing judge erred in sending him to prison, because the judge believed erroneously that petitioner would not pay a restitution order. In addition, petitioner asserts that while he was incarcerated, he was transferred to three different institutions where medical staff failed to treat him for a disabling condition in his spine. He asks for $50,000 for "wrongful imprisonment," $30,000 for lost wages, $100,000 for pain and suffering and $100,000 in punitive damages.

Ordinarily, the injury alleged in a claim, and not the relief sought, determines whether a claim is cognizable in habeas corpus or should instead be brought as a civil action. Clayton-El v. Fisher, 96 F.3d 236, 242 (7th Cir. 1996). Here, petitioner alleges two injuries: denial of medical care and illegal custody. The question whether he received medical care in conformance with the Eighth Amendment's prohibition against cruel and unusual punishment is a question concerning the "conditions of confinement" that is properly addressed in a civil action under 42 U.S.C. §1983. The question whether petitioner's

2

custody is legal is a question that may be heard only in a petition for a writ of habeas corpus under 28 U.S.C. § 2254, after petitioner exhausts his available state court remedies.

The Court of Appeals for the Seventh Circuit has given somewhat mixed signals in advising the district courts how to handle pleadings that are mislabeled by a pro se prisoner or that include two distinct claims in one pleading that cannot be heard together. In Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996), the court stated that a "district court [is] not authorized to convert a § 1983 [or Bivens] action into a § 2254 action. . . . When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice." In Valona v. United States Parole Commission, 165 F.3d 508 (7th Cir. 1998), however, the court held that the district court had erred in refusing to convert a habeas corpus action into a mandamus action if that was how the suit should have been styled. The court wrote, "If Valona is entitled to a writ of mandamus, then the district court should have provided him that relief in the suit he has filed, rather than requiring him to start over." Id. at 510. See also Williams v. Wisconsin, 336 F.3d 576 (7th Cir. 2003) (considering merits of habeas corpus petition brought under § 1983).

One way that these cases can be reconciled is if they are interpreted not as setting forth rigid rules without exceptions but as general guidelines that should be followed when the reasons for doing so are present. In Moran v. Sondalle, 218 F.3d 647, 649 (7th Cir.

3

2000), the court noted that "[p]risoners may be tempted to choose one route rather than another to avoid limitations imposed by Congress." See also Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action).

In this case, petitioner may be attempting to avoid a number of limitations by filing his civil rights claim in the context of a petition for a writ of habeas corpus. The filing fee for § 1983 actions is $350 as opposed to $5 for actions brought under 28 U.S.C. § 2254. Further, the requirements for exhausting administrative remedies are different in § 1983 suits from those in § 2254 actions. Petitioner admits that he has not exhausted his available state court remedies as he is required to do before filing a § 2254 action, but he may have exhausted available administrative remedies on his claim regarding his medical care, as required under 28 U.S.C. § 1997e(a). In habeas corpus actions, the proper respondent is petitioner's custodian; in § 1983 actions, a petitioner may proceed against any state actor who is alleged to have been personally involved in violating his constitutional rights. Finally, actions under § 1983 are subject to the 1996 Prison Litigation Reform Act. Habeas corpus actions are not. Under the PLRA, the court must assess petitioner an initial partial payment of the filing fee, 28 U.S.C. § 1915(a)(2), screen his complaint before it is served on the defendants and dismiss it promptly if it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune

4

from such relief, 28 U.S.C. § 1915(e)(2), and collect the remaining portion of the filing fee from his prison account even if his request for leave to proceed with his action is denied, 28 U.S.C. § 1915(b)(2).  In addition, if petitioner's complaint is dismissed for one of the reasons listed above, he will earn a "strike" under the three strikes provision of § 1915, § 1915(g).

Because petitioner's pleading includes claims that are not properly heard together, I will ask petitioner to tell the court how he wishes to proceed.  Perhaps petitioner purposely filed a habeas corpus action because he is interested in seeking release rather than money damages or injunctive relief and he wished to avoid an action that is subject to the Prison Litigation Reform Act and its many provisions.  If that is the case, then he will have to advise the court of that fact so that I can dismiss his claim concerning the alleged denial of medical care and ignore his request for money damages because money damages are not available in a habeas corpus action.  If, however, petitioner advises the court that he wishes to withdraw his claim concerning the validity of his custody and pursue his claim concerning his medical care, I will treat his action as one filed under 42 U.S.C. § 1983.  In that event, I will assess petitioner an initial partial payment of the $350 fee for filing his complaint and, when he pays the assessment, take his complaint under advisement for screening under 28 U.S.C. § 1915(e)(2).

Whether petitioner pursues his habeas corpus claim or his claim under § 1983, he will

have to submit a trust fund account statement for the six-month period beginning approximately December 10, 2007 and ending approximately June 10, 2008, so that I can determine whether he qualifies financially to proceed in forma pauperis.

ORDER

IT IS ORDERED that

1. Petitioner Emil Ledoux may have until July 23, 2008, in which to advise the court whether he intends to pursue his claim that he is being held in custody in violation of the Constitution or laws of the United States OR pursue his claim that he is being denied medical care. (If he wishes to pursue both claims, he must file a separate lawsuit for each.)

2. No later than July 23, 2008, petitioner is to submit a trust fund account statement for the six-month period beginning approximately December 10, 2007 and ending approximately June 10, 2008.

3. If, by July 23, 2008, petitioner fails to submit a trust fund account statement and advise the court which of his claims he will pursue in this action and which he will dismiss voluntarily, I will consider that he has withdrawn his action and direct the clerk of court to

close the file.

    Entered this 3rd day of July, 2008.

                       BY THE COURT:

                       /s/ Barbara B. Crabb
                       BARBARA B. CRABB
                       District Judge