IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EMIL LEDOUX,

                Petitioner,                              ORDER

      v.                                            08-cv-343-slc

STATE OF WISCONSIN,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated July 3, 2008, I directed petitioner Emil Ledoux to advise the court whether he intends to pursue his claim that he is being held in custody in violation of the Constitution or laws of the United States OR pursue his claim that he is being denied medical care.  I told him that if he wanted to pursue both claims, he would have to file separate lawsuits.  Now petitioner has filed a pleading on forms for a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he claims that his conviction for felony damage to property is invalid.  As relief, he seeks $50,000 for wrongful imprisonment.  In addition, petitioner has requested leave to proceed <u>in forma pauperis</u>, which I have granted in a separate order.

      Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the district court may

1

dismiss a petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Such is the case with LeDoux's petition. As an initial matter, petitioner should be aware that he cannot obtain money damages in a petition for a writ of habeas corpus. Habeas corpus is the vehicle used to seek a shortening of the length or duration of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). If petitioner were to be successful in obtaining his release through a petition for a writ of habeas corpus, only then would he be permitted to file a civil action to recover money damages for his alleged wrongful imprisonment. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

A state prisoner seeking habeas relief from the federal court must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To do this, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including filing a petition for discretionary review with the state's highest court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). It is plain that petitioner has not complied with this requirement. In response to the question whether he sought "further review [of his conviction] by a higher state court," petitioner has checked the "no" box. In addition, he checked a "no" box in response to the question, "Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?" At the end of his

petition, petitioner states, "This document that I'm filling out right now is my first attempt at overturning the decision made against me, so I can be released and compensated for my loss." That petitioner has not pursued any state court post-conviction remedies is consistent with information available publicly on line, which shows that petitioner has not filed any appeal or post-conviction motion challenging his conviction. See Court Record Events for Dane County Case Number 2007CF001556, available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (visited July 30, 2008). Because petitioner has not attempted to seek relief from his conviction from the state courts, his petition must be dismissed.

ORDER

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, IT IS ORDERED that the petition of Emil Ledoux for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust his state court remedies.

Entered this 20th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3